The CITY OF PARKERSBURG, WEST VIRGINIA, etc., et al., Appellants,

v.

TURNER CONSTRUCTION COMPANY, a corporation, Appellee.

The CITY OF PARKERSBURG, WEST VIRGINIA, etc., et al., Appellees,

v.

TURNER CONSTRUCTION COMPANY, a corporation, Appellants.

Nos. 78–1397, 78–1398.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1979.

Decided Jan. 11, 1980.

Daniel A. Ruley, Jr. and William Bruce Hoff, Parkersburg, W. Va., for appellants in 78–1397 and appellees in 78–1398.

William H. Wallace, Cleveland, Ohio (William D. Ginn, William B. Leahy, Thompson, Hine & Flory, Cleveland, Ohio, Fred L. Davis, Jr., Davis, Davis, Hall & Clovis, Parkersburg, W. Va., on brief), for appellees in 78–1397 and appellants in 78–1398.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and HOFFMAN, Senior District Judge.*

HAYNSWORTH, Chief Judge:

In 1972 the City of Parkersburg entered a contract with Turner Construction Company (Turner) for the construction of additions to a city hospital. Pursuant to the contract, Turner was to establish a figure representing the guaranteed maximum cost (GMC) to the city. The city filed the instant action in 1974, seeking a declaration

* Honorable Walter E. Hoffman, Senior District Judge from the Eastern District of Virginia, sitting by designation.

that a January 19, 1973 letter from Turner set the GMC at $5,843,000. Turner argued that the letter did not establish a GMC and that suit was barred by the city's failure to submit the matter to arbitration.

The district court held that the $5,843,000 figure did indeed represent the city's maximum exposure. Nonetheless, it dismissed the complaint for failure to submit to arbitration. *City of Parkersburg, W. Va. v. Turner Const. Co.*, 442 F.Supp. 673 (N.D.W. Va.1977). Both parties appealed, the city contesting the ruling regarding arbitrability and Turner asserting that the court erred in finding that a GMC was established. We need not address Turner's claim, since we conclude that the issue should be submitted to arbitration. Accordingly, we vacate the judgment of the district court and remand with instructions.

■ The arbitration provision of the contract provides:

"11. ARBITRATION

a.) It is mutually agreed that all disputes arising in connection with this Contract shall be submitted to Arbitration in accordance with the provisions of the current Construction Industry Arbitration Rules of the American Arbitration Association and that all findings of fact by the arbitrators shall be conclusive and binding on both parties. It is further mutually agreed that the decision of the arbitrators shall be a prior condition to any right of legal action which either party to the Contract may have against the other.

b.) The demand for arbitration in connection with any dispute shall be filed in writing with the other party to the Contract. Any demand for arbitration shall be made within thirty (30) days after the dispute has arisen if practicable, but, in any event no demand for arbitration shall be made after the date of Final Payment."

The present dispute clearly falls within the broad language of this clause. The issues to be resolved are factual and are well suited to arbitration, and we reject the city's assertions to the contrary.

Not so easily rejected, however, is the city's contention that Turner waived the right to arbitration by failing to assert it. Indeed, despite the clear and broad arbitration provision, neither party sought that remedy. Nonetheless, we conclude that arbitration is still available and, accordingly, that the city's failure to demand arbitration does not preclude litigation.

The contract provides that disputes shall be submitted to arbitration within thirty days after a dispute arises. This provision expressly applies, however, only "if practicable." The clear intent of the time requirement is to resolve relatively minor day-to-day disputes without causing a protracted delay in construction. The provision should not be construed to work a forfeiture of rights in a major dispute such as that involved in this case. Barring the city's suit would preclude the determination of the most important single contractual issue, its total price. Our conclusion is especially appropriate here, where the city's failure to demand arbitration was the result not of bad faith or improper motive, but of an honest misappraisal of the appropriate remedy.

Further, Turner asserted as a defense the city's failure to arbitrate the dispute. We construe this defense as an invitation to arbitrate and, accordingly, as a waiver of the contractual time limitations. *See E. I. duPont de Nemours & Co. v. Lyles & Lang Const. Co.*, 219 F.2d 328, 334 (4th Cir. 1955); *Radiator Specialty Co. v. Cannon Mills*, 97 F.2d 318, 319 (4th Cir. 1938).

■ Upon remand, the case will be held in abeyance while the dispute is submitted to arbitration as provided by the contract. Because an arbitration award is entitled to a strong presumption of validity, *Clinton Water Ass'n v. Farmers Const. Co.*, W.Va., 254 S.E.2d 692 (1979), it is essential that such award be based solely upon proof adduced in the arbitration action. Accordingly, the findings and conclusions of the district court, which are at least dubious, are vacated and shall not be considered by the arbitrators. The judgment also is vacated,

and the case remanded to the district court with instructions to stay further proceedings pending arbitration.

*VACATED AND REMANDED WITH INSTRUCTIONS.*