**ROADTECHS, INC., Plaintiff,**

v.

**MJ HIGHWAY TECHNOLOGY, LTD., et al., Defendants.**

**No. Civ.A. 3:99CV573.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 19, 2000.

Christopher L. Perkins, Vernon E. Inge, Jr., LeClair Ryan, Richmond, VA, for plaintiff.

Donald J. Richardson, Robert E. Eicher, Williams, Mullen, Clark & Dobbins, Richmond, VA, for MJ Highway.

Shawn A. Copeland, David A. Rudlin, Hunton & Williams, Richmond, Virginia, for MAI.

### MEMORANDUM OPINION

PAYNE, District Judge.

Pursuant to Fed.R.Civ.P. 12(b)(1), the defendant, MJ Highway Technology, Ltd. ("MJ Highway") has moved to dismiss this action for lack of subject matter jurisdiction. For the reasons set forth below, the motion is denied.

### STATEMENT OF FACTS

RoadTechs, Inc. ("RoadTechs"), instituted this action, originally filed on July 9, 1999 in state court, seeking, *inter alia,* a temporary injunction against MJ Highway, a United Kingdom corporation, to require it to abide by the terms of the License Agreement, as amended, entered into by the two parties and purportedly terminated by MJ Highway in a letter dated June 18, 1999. On July 9, 1999, the Circuit Court for the County of Goochland, Virginia ("Circuit Court") entered a temporary in-

junction which was to expire on August 10, 1999. Upon motion of RoadTechs, the Circuit Court entered a second Decree of Temporary Injunction, which extended the temporary injunction until September 17, 1999.

On August 11, 1999, with the consent of its co-defendant, Marketing Associates, Inc. ("MAI"), MJ Highway removed the action to federal court. In its Notice of Removal, MJ Highway represented that, by virtue of several federal statutes, this Court had original subject matter jurisdiction over all issues in the Bill of Complaint which initiated this action in the Circuit Court.

On August 16, 1999, MJ Highway filed a Motion to Compel Arbitration and a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. Those motions were resolved when, on September 3, 1999, counsel for MJ Highway and RoadTechs, with the knowledge of counsel for MAI, presented the Court with a Consent Order which was entered on the day it was presented. By its express terms, the Consent Order, *inter alia*, (1) stayed all further activity in this action between RoadTechs and MJ Highway pending conclusion of arbitration "or until further order of this Court;" and (2) continued the License Agreement in effect until the conclusion of arbitration or "further order of this Court". The opening paragraph of the Consent Order recited that RoadTechs and MJ Highway, "by counsel ... jointly moved for entry of this Consent Order staying proceedings in the action between them and continuing the preliminary injunction entered by the Circuit Court of Goochland County, Virginia, with some modifications, until further Order of this Court." At the foot of the Consent Order, counsel for RoadTechs and MJ Highway signed their names under the prayer: "WE ASK FOR THIS."

On October 15, 1999, RoadTechs filed a Motion to Show Cause and Motion to Allow Discovery Related to the Motion to Show Cause, alleging that both MJ High-

way and MAI had violated the preliminary injunction. By Order entered on November 3, 1999, the Court granted the Motion to Allow Discovery Related to the Motion to Show Cause. Thereafter, on November 8, 1999, MJ Highway filed a Motion to Dismiss this Action Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction. In that motion, MJ Highway argues, not that the Court actually lacks subject matter jurisdiction, but that, having ordered the dispute to arbitration, it is "proper" for the Court to dismiss the action, rather than to stay it.

## DISCUSSION

MJ Highway's argument fails because of its own consent to the stay and the other terms of the Consent Order and because decisional law establishes that district courts have the discretion either to dismiss an action after a referral to arbitration, or to stay the action, pending resolution of the arbitration.

### A. Subject Matter Jurisdiction

■ Because MJ Highway's motion and memorandum assert in their captions and in conclusory textual passages that the Court lacks subject matter jurisdiction, it is necessary to assess whether jurisdiction exists. That inquiry begins with the fact that MJ Highway itself removed this action to federal court, proclaiming that this Court had subject matter jurisdiction pursuant to 9 U.S.C. § 203, 9 U.S.C. § 205, and 28 U.S.C. § 1331. Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 210 *et seq.* (West 1999), comprises the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention") and its implementing legislation. The United States and the United Kingdom are both signatories to this Convention and the Convention's implementing legislation clearly provides that the Convention governs arbitration agreements and any disputes that arise thereunder between parties to international commer-

cial transactions, such as the License Agreement between RoadTechs and MJ Highway. The Convention's implementing legislation provides an independent basis of subject matter jurisdiction:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203 (West 1999). Section 205 of Title 9 U.S.C. provides that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States ...

Accordingly, under both the Convention and its implementing legislation as well as pursuant to traditional principles of diversity jurisdiction, this action was properly removed to this Court and this Court had subject matter jurisdiction to decide whether the action should be referred to arbitration.

### B. *Whether The Action Must Be Dismissed Upon a Referral to Arbitration or Whether it May be Stayed, Thereby Continuing the Existence of Subject Matter Jurisdiction*

Having determined that MJ Highway correctly invoked the subject matter juris-

diction of this Court, it is necessary now to assess the issue raised by the substantive text of MJ Highway's motion. Properly understood, that issue is: whether the Convention precludes staying an action pending arbitration, or whether a district court is required, after referral to arbitration, to dismiss the action under Fed. R.Civ.P. 12(b)(1).[1]

■ Unlike Chapter 1 of the Federal Arbitration Act ("FAA"), which applies to actions between citizens of the United States and which expressly allows a district court to stay an action once it has been referred to arbitration, *see* 9 U.S.C. § 3 (West 1999),[2] neither the Convention itself nor its implementing legislation expressly confers upon district courts the authority to stay an action pending arbitration. However, under 9 U.S.C. § 208, Chapter 1 of the FAA applies to actions covered by the Convention if Chapter 1 does not conflict with any of the provisions in Chapter 2 of the Act (the Convention and its implementing legislation). Because there is no express prohibition in Chapter 2 against staying an action after referral to arbitration, there clearly is no conflict between the Chapters and, therefore, the statutory authorization to impose a stay which is conferred by 9 U.S.C. § 3 is equally applicable to actions falling within the reach of Chapter 2. Thus, the plain statutory language given its normal construction authorizes imposition of a stay in this action.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

---

1. MJ Highway relies on *Lorenz v. CSX Transportation, Inc.*, 980 F.2d 263 (4th Cir.1992) for its holding that, although the defendant removed the action to federal district court based on diversity and federal question jurisdiction, a subsequent Fed.R.Civ.Pro. 12(b)(1) motion to dismiss the action to allow for arbitration was properly granted by the district court. Of course, in so doing, MJ Highway argues that a motion to dismiss based on a compulsory arbitration provision is properly analyzed under Rule 12(b)(1).

2. This provision provides:

■ The decisional law supports the plain meaning of the FAA that it is within the district court's discretion whether to dismiss or stay an action after referring it to arbitration. The Fourth Circuit, albeit in an unpublished opinion, reached that conclusion in *Silkworm Screen Printers, Inc. v. Abrams, et al.,* 978 F.2d 1256 (table), 1992 WL 317187 (4th Cir. November 4, 1992),[3] which involved an action that was covered by the Convention. The issue in *Silkworm Screen Printers* was whether there was a contractual agreement between the parties compelling them to arbitrate any disputes. The Fourth Circuit remanded the case for further factual findings, with the instruction:

> If the district court finds that Silkworm agreed to arbitrate, it should enter an order directing arbitration in accordance with the agreement. It *may either dismiss* Silkworm's complaint for lack of subject matter jurisdiction or *stay* its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.

*Id.* at 6 (emphasis added); *accord Rhone Mediterranee Compagnia Francese Di Assicurazioni E Riassicurazoni v. Lauro,* 712 F.2d 50, 54 (3d Cir.1983) (concluding that granting a stay pending arbitration is permissible in Convention cases); *Filanto, S.p.A. v. Chilewich Intern. Corp.,* 789 F.Supp. 1229 (S.D.N.Y.1992), *appeal dismissed,* 984 F.2d 58 (2d Cir.1993) (holding that retaining jurisdiction but staying action pending arbitration is consistent with commands of Convention on Recognition and Enforcement of Foreign Arbitral Awards); *Tennessee Imports, Inc. v. Filippi,* 745 F.Supp. 1314 (M.D.Tenn.1990) (reviewing cases and holding that stay and dismissal are both permissible methods of referral under the Convention); Restatement (Third) of the Foreign Relations Law of the United States § 487(2) (1980) (same). Thus, the decisional law teaches

quite clearly that whether to dismiss or stay an action which falls under the Convention after referral to arbitration is a matter entrusted to the discretion of the district court. That discretion, of course, must be exercised in perspective of the facts of the pending action and upon an assessment of the propriety of staying, rather than, dismissing the action.

■ In that respect, it is rather obvious that where the court has entered an injunction pending arbitration, the district court should stay the action so that the court retains authority to enforce the injunction. In *Borden, Incorporated v. Meiji Milk Products Company, Limited,* 919 F.2d 822 (2d Cir.1990), *cert. denied,* 500 U.S. 953, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991), the United States Court of Appeals for the Second Circuit examined the Convention to determine whether it provides district courts jurisdiction to issue an injunction in aid of arbitration. The Second Circuit held that "entertaining an application for a preliminary injunction in aid of arbitration is consistent with the court's powers pursuant to [9 U.S.C.] § 206" and that "[the] entertaining [of] an application for ... [a provisional] remedy ... is not precluded by the Convention but rather is consistent with its provisions and its spirit." *Id.* at 826. From this inherent authority under the Convention to grant a preliminary injunction pending arbitration flows the indisputable jurisprudential result and the common-sense conclusion that the district court properly can retain jurisdiction to ensure that the injunction is adhered to by the parties. The conventional mode of retaining jurisdiction after referral to arbitration is the issuance of a stay pending completion of the arbitration.

It is difficult to conceive of a circumstance in which the exercise of discretion in favor of a stay is more appropriate than upon the consent of the parties to an injunction which will remain in effect until

---

**3.** Unpublished opinions of the Court of Appeals are not binding precedent, but they are

useful analytical tools.

arbitration has been concluded or "until further Order of this Court." And, that is especially true where, as here, the Consent Order expressly permits one party (here RoadTechs) to seek modification of the injunction (Consent Order, ¶ 3). Indeed, a stay is the only practical procedural vehicle for permitting enforcement of the prohibitions to which MJ Highway agreed in the Consent Order and for permitting RoadTechs to seek modification of its terms. Dismissal, without retention of jurisdiction, would render enforcement of the Consent Order difficult and expensive, although not impossible. It is no surprise then that the parties themselves jointly "moved for entry of this Consent Order staying" this removed action.

On this record, there is no jurisprudential ground for concluding that the Court lacks subject matter jurisdiction to stay this action pending arbitration and there certainly is no practical or logical reason to dismiss the action. And, for the same reasons, the Court has jurisdiction to determine whether MJ Highway, or MAI, has violated the terms of the Consent Order and, if so, to impose appropriate remedial or punitive measures, or both.

The authorities relied upon by MJ Highway simply are inapposite here. For example, the decision in *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir.1988), does not help MJ Highway because in that case, there was no preliminary injunction. Rather, in *J.J. Ryan*, the district court already had dismissed seven of eight counts after referring them to arbitration. The district court refused to refer the one remaining count to arbitration. The Fourth Circuit held that the remaining count also was subject to arbitration and remanded the case with instructions to refer it to arbitration and to dismiss it. Nothing in *J.J. Ryan* teaches that a district court, in appropriate circumstances, is without jurisdiction to stay an action pending arbitration. And, *J.J. Ryan* does not hold that

dismissal must follow referral to arbitration.

For reasons not entirely clear, MJ Highway also cites *I.T.A.D. Associates, Inc. v. Podar Bros.*, 636 F.2d 75, 77 (4th Cir. 1981). That decision merely holds that, if an agreement falls within the reach of the FAA and the Convention, the Court must refer it to arbitration. It does not speak to whether entry of a stay is appropriate.

## CONCLUSION

For the foregoing reasons, MJ Highway's Motion to Dismiss this Action Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction is DENIED.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.